Decision
PER CURIAM:
{1 TM. (Mother) appeals the juvenile court's order denying her second motion to set aside a custody order pursuant to rule 60 of the Utah Rules of Civil Procedure. We affirm.
2 In this case, LA. (Grandmother) petitioned for permanent eustody of C.D.M., Mother's infant child. The petition was served on Mother with a summons indicating that she had twenty days to respond to the petition. Mother failed to answer the petition. As a result, the juvenile court entered Mother's default and granted Grandmother custody in an order entered in October 2012.[2]
113 In Mother's second motion to set aside the custody order, she argued that the summons was improper because under rule 19 of the Utah Rules of Juvenile Procedure, Mother should have had twenty-five days to respond to the petition, not just twenty as *38 recited in the summons.[3] Accordingly, she contended, the juvenile court should set aside the custody order under rule 60(b) of the Utah Rules of Civil Procedure. She also asserted that the juvenile court's "premature" entry of judgment based on the incorrect number of days in the summons was a clerical error that could be corrected by setting aside the order under rule 60(2) of the Utah Rules of Civil Procedure. The juvenile court denied the motion as untimely under rule 60(b) and as not within the seope of rule 60(a).
14 On appeal, Mother first contends that the custody order was void because of alleged due process violations and that, therefore, the time limits under rule 60(b) do not apply to her second motion. This issue is not preserved for appeal. "As a general rule, claims not raised before the trial court may not be raised on appeal." State v. Holgate, 2000 UT 74, ¶ 11, 10 P.3d 346. The preservation rule "applies to every claim, including constitutional questions." Id. To preserve an issue for appeal, the issue must be specifically raised in such a way as to permit the trial court to rule on the issue. 438 Main St. v. Easy Heat, Inc., 2004 UT 72, ¶ 51, 99 P.3d 801.
T5 In her motion before the court at the January 2014 hearing, Mother asserted that the summons was insufficient because it contained errors, and that the court could set aside the custody order on that basis. She did not argue that the custody order was void because of any errors, or that the time limits should not apply. The issue now raised on appeal was not specifically raised in the juvenile court in such a manner as to permit the court to rule on whether the custody order was void. As a result, the issue is not properly before this court on appeal and we do not consider it. See id.
16 Mother also asserts that the juvenile court erred in determining that the entry of the custody order was not a clerical error within the scope of rule 60(a). Under rule 60(a), clerical mistakes in orders arising from oversight or omission may be corrected by the court at any time. Utah R. Civ. P. 60(g). "The correction contemplated by rule 60(a) must be undertaken for the purpose of reflecting the actual intention of the court and parties. [It] is not intended to correct errors of a substantial nature, particularly where the claim of error is unilateral." Peterson v. Jackson, 2011 UT App 113, ¶ 46, 253 P.3d 1096 (citation and internal quotation marks omitted). The distinction depends on whether the error "was made in rendering the judgment or in recording the judgment as rendered." Id. (citation omitted).
T7 Here, Mother does not seek the mere correction of a clerical error, but rather seeks to vacate an order entirely. Rule 60(a) permits only the correction of an error in an order. Rule 60(b) provides the relief of setting aside an order or judgment, but only if relief is warranted under that section. By its plain language, rule 60(a) does not permit the relief Mother seeks. Furthermore, the asserted error was not in the order but in the summons. There is no error identified in the order itself. Rather, Mother asserts that the juvenile court erred in entering the order. Mother challenges the "rendering [of] the judgment," not merely the recording of it. Accordingly, any error alleged in the entry of the custody order is not within the seope of rule 60(a).
18 Mother also asserts that the juvenile court erred in concluding that res judicata applied to her second motion to set aside the custody order. The juvenile court found that the second motion was untimely. Other than the unpreserved argument that the custody order was void, Mother does not challenge the juvenile court's finding. Accordingly, we do not reach the res judicata issue.
19 Affirmed.

. Mother did not file anything in the juvenile court until August 2013, when she filed her first motion to set aside the custody order.

. Mother also argued that she was entitled to a hearing and that a Guardian ad Litem should have been appointed.